THE GUTENFELS.

(Circuit Court of Appeals, Second Circuit. May 19, 1909.)

No. 275.

SHIPPING (§ 118*)—DELAY IN FORWARDING GOODS—LIABILITY OF SHIPOWNER.
The owner of a steamship, which issued bills of lading acknowledging
the receipt of merchandise on board for transportation from Calcutta to
New York, is liable for loss resulting to the consignee because of the
failure to forward by such vessel and the delay resulting.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. § 436; Dec. Dig.
§ 118.*]

Appeal from the District Court of the United States for the Southern District of New York.

The decree of the District Court was for $720.69 in favor of the libelants for damages sustained by them through the failure of the steamship Gutenfels to deliver a quantity of shellac in New York.

For opinion below, see 166 Fed. 989.

Wing, Putnam & Burlingham (Charles C. Burlingham and Henry E. Mattison, of counsel), for appellant.

Alfred W. Varian (George Whitfield Betts, Jr., of counsel), for appellees.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

PER CURIAM. The amended libel unites a proceeding in rem against the steamship Gutenfels and a proceeding in personam against the Hansa Line, her owner. The Hansa Line answers as claimant and respondent. In these circumstances we do not deem it important to decide the somewhat perplexing question whether an action in rem against the vessel alone can be maintained.

In view of the exceptional conditions existing at Calcutta and the fact that the shellac in question was actually carried to New York by the Lindenfels, we think that there is some room for doubt whether the cargo was bound to the vessel, so as to create a lien. We have no doubt, however, that the Hansa Line is liable in personam under its contract. It would seem, therefore, that it is a matter of no moment whether it pays the damages as claimant or respondent.

The bills of lading acknowledged the receipt of the libelants' property in good condition on board the Gutenfels, to be transported from Calcutta to New York. There was a total failure of the Gutenfels to perform this obligation, in consequence of which the arrival of the cargo at New York was delayed nine days, with a loss of $672.94 to the libelants. No valid excuse is offered for the breach of the contract. The shellac was in the deck sheds ready for shipment, and the only reason why it was not received on board was that there was no room. But the carrier is bound to know the cargo space of his ship, and, where loss occurs, he, and not the shipper, who is wholly ignorant of the ship's capacity, must bear the loss.

The contract of affreightment was clear and definite, and there was a total failure by the respondent to perform the agreement to carry the cargo on the Gutenfels.

The decree is affirmed, with interest and costs.